221 So.2d 689

**Dezso John LOKOS**

v.

**STATE of Alabama.**

**2 Div. 526.**

Supreme Court of Alabama.

April 3, 1969.

Rehearing Denied May 1, 1969.

Truman Hobbs, Richard H. Gill and Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Appellant was indicted in 1964 for murder in the first degree. He was tried, convicted, and sentenced to be electrocuted. On appeal to this court, the conviction was affirmed in 1965. Lokos v. State, 278 Ala. 586, 179 So.2d 714.

In 1967, appellant filed in the circuit court a petition for writ of error coram nobis, which was denied. This court affirmed on appeal in 1968. 282 Ala. 8, 208 So.2d 208.

We are advised that proceedings in the United States District Court have been had and are still pending in this case.

In 1968, appellant filed in the circuit court a second petition for writ of error coram nobis. After hearing ore tenus, the court denied relief and appellant appeals to this court.

In the instant petition, he prays that the judgment of conviction now standing against him be set aside and quashed for the following reason:

"5. Petitioner alleges that he was not afforded due process of the law and equal protection of the law as he is guaranteed by the Constitution of the United States in that *the Court* questioned members of the jury venire concerning their belief with reference to the imposition of capital punishment, and *excluded those members from the venire who had a conscientious objection to imposing the death penalty* even where the evidence was strong, convincing and conclusive that the offense was committed by the defendant with great brutality and cruelty. Such Procedure created a jury with a predisposition toward imposition of capital punishment on petitioner and one which was not impartial thereby denying him a fair representative jury within the meaning of the Fourteenth Amendment of the Constitution of the United States." (Emphasis Supplied)

At the hearing on the petition, appellant called as a witness the district attorney who had conducted the prosecution of appellant at the trial in which appellant was convicted in 1964. On being questioned with respect to the exclusion of jurors because of a fixed opinion against capital punishment, the district attorney testified:

". . . . but I don't remember in this case whether any were excluded in this case or not."

The state called as a witness an attorney who had participated as special prosecutor in the 1964 trial of appellant. The witness testified:

"Q And were you present all during the proceedings of the Dezso John Lokos case, Mr. Pruitt?

"A Yes sir.

"Q And were you present also when the jury was qualified in this case?

"A Yes sir, I was.

"Q Do you have any recollection, when they were questioned as to their belief as to capital punishment, whether any juror held up his hand showing that

he did not believe in capital punishment in this case?

"A I recall that the question was asked, yes sir. I recall that the venire was lined up along the fence in the edge of the court room, and my best recollection is that no individual stated that he was so inclined and thus excused. I don't remember any being excused.

"Q Because of their disbelief in capital punishment?

"A Because of their disbelief in capital punishment, yes sir.

"Q That's your best judgment?

"A My best judgment."
These were the only witnesses.

 The appellant alleged and assumed the burden of proving that, on his trial, the court had excluded from the venire those members who had a conscientious objection to imposing the death penalty. Appellant has not produced any proof that any prospective juror was excused or challenged for cause on account of his opinions, attitudes, or beliefs.

Appellant is relying, of course, on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, decided in 1968, in which the opinion recites that ". . . 47 veniremen were successfully challenged for cause on the basis of their attitudes toward the death penalty." (391 U.S. at 514, 88 S.Ct. at 1772, 20 L.Ed.2d at 780) No such situation exists here. In fact, the evidence offered supports only the finding that no venireman was excused for his belief or attitude toward capital punishment. The circuit court so found and rendered judgment denying relief. The instant appeal is from that judgment.

 Appellant complains that no written, formal record was kept to show whether any venireman was excused for cause. If no record was kept, that is so simply because appellant did not request the keeping of such a record. In capital cases, the same record is kept whether the accused be rich or poor, and, in case of death penalty, appeal is "automatic," so to speak. 1943 Acts, page 217; 1958 Recompilation Code 1940, Title 15, §§ 382(1)–382(13). Appellant does not say that he requested that any record be kept and that his request was refused. In absence of such request and refusal, he has nothing of which to complain.

We are of opinion that the judgment appealed from is without error and is due to be affirmed.

Affirmed.

SIMPSON, HARWOOD, and BLOODWORTH, JJ., concur.